IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2017

**STATE OF TENNESSEE v. REBA NELL WOODS**

**Appeal from the Criminal Court for Davidson County**
**No. 2010-B-1000     Mark J. Fishburn, Judge**

————————————————————

**No. M2017-00910-CCA-R3-CD**

————————————————————

Pro se Defendant, Reba Nell Woods, appeals the denial of her "Motion to Modify Judgment," which was interpreted by the trial court as a motion to reduce sentence pursuant to Tennessee Rule of Criminal Procedure 35. In this appeal, the Defendant argues that the trial court retained jurisdiction to decide her motion, even though she was in custody of the Tennessee Department of Correction. In response, the State contends that the Defendant's motion was untimely by 118 days, an alternative basis upon which the trial court relied in denying relief. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Reba Nell Woods, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 23, 2011, a Davidson County Criminal Court Jury convicted the Defendant of three counts of selling twenty-six grams or more of cocaine within 1,000 feet of a school and two counts of selling twenty-six grams or more of cocaine within 1,000 feet of a park. The trial court sentenced her as a Range III, career offender to an effective sentence of ninety years' imprisonment. On direct appeal, this court held that the trial court erred by failing to sever counts three, four, and five and reversed and remanded those convictions for a new trial on the charges. This court affirmed the

Defendant's convictions in counts one and two, which were also remanded to the trial court to reflect that the offenses did not occur in a drug-free zone. In addition, this court instructed the trial court to consider whether the Defendant's mandatory thirty-year sentences should be served consecutively. See State v. Reba Nell Woods, No. M2012-01922-CCA-R3-CD, 2013 WL 6406275 at *1 (Tenn. Crim. App. Dec. 9, 2013). On remand, the trial court resentenced the Defendant on June 29, 2016, to concurrent sentences of thirty years' incarceration in counts one and two, to be served consecutively to an unrelated parole violation.

On February 27, 2017, the Defendant filed the instant pro se "Motion to Modify Judgment," which failed to cite any legal authority or basis upon which relief was sought. The four paragraph motion asserted as follows:

> Petitioner was sentenced to thirty years at 60% as a Range III offender. Petitioner submits that her charges are to be served concurrently however she was previously sentenced as a Range III offender at a 45% range. The Petitioner was resentenced on June 29, 2016 pursuant to the Court of Criminal Appeals opinion under citation M2012-019222-CCA-R3-CD. Both active charges are under case number 2010-B-1000, counts 1 and 2, are to be run concurrent to each other and to run consecutive to case numbers 99-D-2260 and 99-B-867. The Petitioner submits that both of these charges have since expired, the respective expiration dates being December 14, 2015 for case number 99-D-2260 and December 23, 2011 for case number 99-B-867.

> Petitioner . . . is eligible to be sentence[d] at a 45% range under the Tennessee Sentencing Guidelines for a Range III offender. The Petitioner submits that she would also be subject to mandatory minimum sentencing under Federal Sentencing Guidelines.

> Petitioner has been disciplinary free since 2012. The Petitioner has taken her incarceration seriously and has tried to maintain a good behavior record and attends school working on obtaining her education.

> WHEREFORE, premises considered, the Petitioner hereby respectfully requests that her judgment be modified to allow for her all of her charges to [sic] served as a Range III offender where all charges would be served at a forty-five percent (45%) range.

Interpreting the above motion as a request for modification of sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure, the trial court denied relief by

written order on March 7, 2017, reasoning that the Defendant's motion was untimely and that it no longer retained jurisdiction of the Defendant based on Tennessee Code Annotated Section 40-35-314(c). The Defendant filed a timely notice of appeal on May 4, 2017.

## ANALYSIS

On appeal, the Defendant argues that she should be sentenced at 45% release eligibility rather than at 60% release eligibility, and she asserts that the trial court has jurisdiction to consider whether her 30-year concurrent sentence for counts 1 and 2 should have been imposed consecutive to an unrelated parole violation. The State responds that the Defendant's motion was untimely and that, regardless, the trial court did not abuse its discretion in declining to reduce the Defendant's sentence under Rule 35. We agree with the State.

Rule 35 provides:

(a) Timing of Motion. The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation.

(b) Limits of Sentence Modification. The court may reduce a sentence only to one the court could have originally imposed.

Tenn. R. Crim. P. 35.

In the Defendant's brief on appeal, she acknowledges the "clear and concise time limit" of Rule 35; but she insists that her motion was not based on Rule 35. However, in the next sentence she argues that "due to her case being reviewed by the Court of Criminal Appeals she would not have been eligible for a Rule 35 motion." To further complicate our understanding of the precise issue presented, the Defendant cites post-conviction procedure and harmless error authority as her standard of review. Under these circumstances, we agree with the trial court and interpret the Defendant's motion as one for a reduction or suspension in sentence. We further conclude that the Defendant's Rule 35 motion was not filed within the mandatory 120-day time period following resentencing as required by Rule 35(a). The record clearly shows that the Defendant was resentenced on June 29, 2016, and that the 120-day time period for filing a Rule 35 motion expired on October 27, 2016. The instant motion requesting relief was not filed until February 21, 2017, approximately 117 days after the 120-day deadline had lapsed. We are bound by Rule 35(a), which explicitly states that no extensions to this 120-day

limitation period shall be allowed and that no other actions toll the running of this time limitation. Accordingly, the trial court properly denied the Defendant's motion as untimely, and she is not entitled to relief.

## CONCLUSION

For the foregoing reason, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE